| | | |
|---|---|---|
| **Steve Lehman aka Ray Porter** | : | **U. S. DISTRICT COURT /** |
| v. | : | **DISTRICT OF CONNECTICUT** |
| | : | **AT NEW HAVEN** |

**President of Yale Peter Salovey; Marna P. Borgstrom, CEO of Yale New Haven Health System and Yale New Hospital; Richard D'Aquila, President of Yale New Haven Health System and Yale New Haven Hospital; Yale New Haven Hospital; Yale University School of Medicine; Yale New Haven Health; Yale New Haven Psychiatric Hospital; Yale Corporation; Yale University; Northeast Medical Group; Dr. John Kiene Forrest, MD; Dr. Christopher Jennings Regan, MD, FACC; Dr. Joseph Brennan, MD; Dr. Eric M. Grubman, MD; Name Unknown (The Executive-in-Charge of Yale New Haven Hospital's Heart and Vascular Observation Unit who entered the Petitioner's room [#5724] on the night of 12/13-14/14); Name Unknown (female security guard/off duty New Haven Police Officer who entered the Plaintiff's Room [#5724] on the night of 12/13-14/14); Rachel (last name unknown, nurse at Yale New Haven Hospital's Heart and Vascular Observation Unit, servicing the Petitioner's Room [#5724] on 12/17/14); Marlyne (sp?) (last name unknown, a Discharge Coordinator at Yale New Haven Hospital's Heart and Vascular Observation Unit, servicing the Petitioner's Room [#5724] on 12/17/14); Dr. Ehsan Ansari, MD; Cardiology Associates of Greater Waterbury, LLC; Dr. Richard R. Forrest, MD; Charlotte Hungerford Hospital; Campion Ambulance Service; Dr. Joyce Meng; Dr. Thomas Rockland, MD; UCONN Health; University of Connecticut; Dr. Jonathan Gage; Cardiovascular Health LLC; Dr. Vincent Quagliarello, MD; Dr. Robert Milstein, MD, Phd; Dr. Arthur Simen, MD, PhD; Sergei, Milieu Counselor (last name unknown, worker at Yale New Haven Psychiatric Hospital, Russian immigrant); Jim (last name unknown, nurse at Yale New Haven Psychiatric Hospital, shaved head); Roberta (last name unknown, nurse at Yale New Haven Psychiatric Hospital); Montowese Health and Rehabilitation Center, Inc.; Dr. Bjorn Ringstad; Dr. John Harrison; Northwest Homecare and Nurse Registry; Sharon Hospital; Dr. Arthur Chin; Its, Her/His and/or their dully authorized agents servants and/or employees and other unknown physicians, and/or unknown health care providers and/or its, his, her and/or their duly authorized agents, servants and/or employees, Does 1-100**

: **DECEMBER 9, 2016**

## PETITION FOR EXTENSION OF THE STATUTE OF LIMITATIONS

Pursuant to U. S. Code and the United States Constitution and §52-190(a)(b) of the Connecticut General Statutes, Steve Lehman aka Ray Porter of Hamden, CT, hereby petitions the United States District Court/ District of Connecticut at New Haven to extend the statute of limitations for an additional ninety days to allow for continual reasonable inquiry into the grounds for pursuing legal action on his behalf against **President of Yale Peter Salovey; Marna P. Borgstrom, CEO Yale New Haven Hospital; Richard D'Aquila, President Yale New Haven Hospital; Yale New Haven Hospital; Yale University School of Medicine; Yale New Haven Health; Yale New Haven Psychiatric Hospital; Yale Corporation; Yale University; Northeast Medical Group; Dr. John Kiene Forrest, MD; Dr. Christopher Jennings Regan, MD, FACC; Dr. Joseph Brennan, MD; Dr. Eric M. Grubman, MD; Name Unknown (The Executive-in-Charge of Yale**

1

New Haven Hospital's Heart and Vascular Observation Unit who entered the Petitioner's room [#5724] on the night of 12/13-14/14); Name Unknown (female security guard/off duty New Haven Police Officer who entered the Plaintiff's Room [#5724] on the night of 12/13-14/14); Rachel (last name unknown, nurse at Yale New Haven Hospital's Heart and Vascular Observation Unit, servicing the Petitioner's Room #5724 on 12/17/14); Marlyne (sp?) (last name unknown, a Discharge Coordinator at Yale New Haven Hospital's Heart and Vascular Observation Unit, servicing the Petitioner's Room # 5724 on 12/17/14); Dr. Ehsan Ansari, MD; Cardiology Associates of Greater Waterbury, LLC; Dr. Richard R. Forrest, MD; Charlotte Hungerford Hospital; Campion Ambulance Service; Dr. Joyce Meng; Dr. Thomas Rockland, MD; UCONN Health; University of Connecticut; Dr. Jonathan Gage; Cardiovascular Health LLC; Dr. Vincent Quagliarello, MD; Dr. Robert Milstein, MD, Phd; Dr. Arthur Simen, MD, PhD; Sergei, Milieu Counselor (last name unknown, worker at Yale New Haven Psychiatric Hospital, Russian immigrant); Jim (last name unknown, nurse at Yale New Haven Psychiatric Hospital, shaved head); Roberta (last name unknown, nurse at Yale New Haven Psychiatric Hospital); Montowese Health and Rehabilitation Center, Inc.; Dr. Bjorn Ringstad; Dr. John Harrison; Northwest Homecare and Nurse Registry; Sharon Hospital; Dr. Arthur Chin; Its, Her/His and/or their dully authorized agents servants and/or employees and other unknown physicians, and/or unknown health care providers and/or its, his, her, and/or their duly authorized agents, servants and/or employees, Does 1-100.

This action involves federal matters. These matters concern the ongoing care and treatment, continual care and treatment, and cumulative effect of the care and treatment of the Petitioner, civil rights violations, ongoing civil rights violations, continual civil rights violations and cumulative effect of civil rights violations that involve anti-semitism, violations of the Petitioner's civil liberties, ongoing, continual violations of the Petitioner's civil liberties, cumulative effect of violations of the Petitioner's civil liberties, fraud, ongoing, continual acts of fraud, cumulative effect of acts of fraud, violations of other tort laws, ongoing, continual violations of other tort laws, cumulative effect of violations of other tort laws, and other violations of the law, other ongoing and continual violations of the law, cumulative effect of violations of the law while he is, continually is and was a patient, and/or under, continually under the responsibility and/or administration of **President of Yale Peter Salovey; Marna P. Borgstrom, CEO Yale New Hospital; Richard D'Aquila, President Yale New Haven Hospital; Yale New Haven Hospital; Yale University School of Medicine; Yale New Haven Health; Yale New Haven Psychiatric Hospital; Yale Corporation; Yale University; Northeast Medical Group; Dr. John Kiene Forrest, MD; Dr. Christopher Jennings Regan, MD, FACC; Dr. Joseph Brennan, MD; Dr. Eric M. Grubman, MD; Name Unknown (The Executive-in-Charge of Yale New Haven Hospital's Heart and Vascular Observation Unit who entered the Petitioner's room [#5724] on the night of 12/13-14/14); Name Unknown (female security guard/off duty New Haven Police Officer who entered the Plaintiff's Room [#5724] on the night of 12/13-14/14); Rachel (last name unknown, nurse at Yale New Haven Hospital's Heart and Vascular Observation Unit, servicing the Petitioner's Room #5724 on 12/17/14); Marlyne (sp?) (last name unknown, a Discharge Coordinator at Yale New Haven Hospital's Heart and Vascular Observation Unit, servicing the Petitioner's Room # 5724 on 12/17/14); Dr. Ehsan Ansari, MD; Cardiology Associates of Greater Waterbury, LLC; Dr. Richard R. Forrest, MD; Charlotte Hungerford Hospital; Campion Ambulance Service; Dr. Joyce Meng; Dr. Thomas Rockland, MD; UCONN Health; University of Connecticut; Dr. Jonathan Gage; Cardiovascular Health LLC; Dr. Vincent Quagliarello, MD; Dr. Robert Milstein, MD, Phd; Dr.**

**Arthur Simen, MD, PhD; Sergei, Milieu Counselor (last name unknown, worker at Yale New Haven Psychiatric Hospital, Russian immigrant); Jim (last name unknown, nurse at Yale New Haven Psychiatric Hospital, shaved head); Roberta (last name unknown, nurse at Yale New Haven Psychiatric Hospital); Montowese Health and Rehabilitation Center, Inc.; Dr. Bjorn Ringstad; Dr. John Harrison; Northwest Homecare and Nurse Registry; Sharon Hospital; Dr. Arthur Chin; Its, Her/His and/or their dully authorized agents servants and/or employees and other unknown physicians, and/or unknown health care providers and/or its, his, her, and/or their duly authorized agents, servants and/or employees, Does 1-100** beginning on or about December, 2002 when his toes are and were frostbitten and were and are continually frostbitten, and the Petitioner was, is and continually is kidnapped and was and is falsely imprisoned and continually and cumulatively falsely imprisoned by some of the above mentioned potential Defendants and continuing to his heart attack and subsequent care and treatment beginning on or about December 11, 2014.  The heart attack and failure to fully recover is and continually caused in-part by earlier actions of some or all of the aforementioned potential Defendants.

This claim continually involves and continually arises out of care and treatment and cumulative effect of the care and treatment provided to the Petitioner by the above mentioned physicians, healthcare providers, executives, and healthcare facilities along with its, his, her and/or their duly authorized agents, servants, and/or employees and other unknown physicians and/or healthcare providers and/or its, his, her, and/or their duly authorized agents, servants, and/or employees which falls below and continually falls below the accepted standards of care including but not limited to his, her, its, and or their performing and continually and cumulatively performing medical malpractice, performing and continually performing unnecessary cardiac procedures, failing and continually failing to properly perform certain procedures, and failing and continually failing to properly diagnose the Petitioner's condition in a timely fashion and failing and continually failing to provide an appropriate course of treatment and intervention and/or monitoring and/or supervision and/or nursing care at various points in time throughout the course of the treatment provided to the Petitioner and as a result the Petitioner suffers, and continually and cumulatively suffers injuries and damages, some or all of which may be permanent in nature.

Additionally, as a further result of the aforementioned negligence, ongoing, continual, and cumulative negligence on the part of the potential Defendants in this action, the Petitioner incurs and continually incurs expenses for medical care and treatment which has and will continue to cause the Petitioner loss and damages.  Additional the Petitioner sustains and continually and cumulatively sustains permanent physical impairments and or deficits.

The Petitioner, Steve Lehman aka Ray Porter, is a man of many interests and talents.  He lives a life dedicated to helping other people.  The Plaintiff is an American born interdisciplinary artists whose oeuvre consists of photographs, collages, mixed media, videos, drawings, designs, writings, sculpture, ceramics, objects, paintings, installations, and conceptual art.  He is also a journalist, award-winning author, entrepreneur and person in charge of WillyNilly™, a convergence company.  Steve is considered an important artist because he successfully merged fine art, journalism, anthropology, sociology, political science, human rights and advocacy in his award-winning book *The Tibetans: A Struggle to Survive*.  This seminal work is instrumental in forming the *Free Tibet* movement.  He has been exhibited in major museums, is one of the first multimedia journalists, works for most major news organizations (*Newsweek, TIME, U. S. News and World Report, The New York Times, Stern, Der Spiegel, L'Express, ABC News, Entertainment*

*Weekly*, etc.) helped spearhead the citizens journalism movement, covered 15 political conflicts (Rwanda, Chechnya, Somalia, Bosnia, Kosovo, Tibet, Burma, etc.) traveled to 50 countries, conversational in Chinese, graduated from Duke University and is an Eagle Scout. The Plaintiff's career is severely damaged by injuries and illnesses caused by his experiences in war, conflict and disasters zones.

Of all the post *World War II/Korean War* journalists the Plaintiff's exposure to trauma is in the top 1% (approximate). The Plaintiff's photographs provide amble evidence of this. The Plaintiff faces arduous and often horrific experiences; he is one of the primary journalistic witnesses of the largest mass extermination of people since the Holocaust and survived two other massacres (Burma and Chechnya). The Plaintiff has seen at least 5000 dead bodies, maybe as many 10,000. The Plaintiff traveled to some most dangerous and disease-ridden places in the world. The Plaintiff's exposure to trauma is ten times (approximately) that of the most correspondents, doctors, law enforcement personnel or aide workers.

Due to the Petitioner's status as a word-class journalist, author and artist particular attention must be brought to these ongoing and continually egregious acts. If the potential Defendants brazenly kidnap, attack, falsely imprison, maim and hurt a journalist what are they doing with everyone else? It's terrifying to think about. It's so shocking we must ask, is an individual or entity trying to silence Steve Lehman aka Ray Porter, the Petitioner, by intentionally harming, disabling, and/or killing him?

As earlier stated, the Petitioner of this case respectfully petitions this Court, pursuant to Connecticut General Statute §52-190(A)(b) for an automatic extension of the statute of limitations to allow for reasonable inquiry to determine whether there are grounds for a good faith belief that there is, negligence, ongoing, continual and cumulative negligence, medical malpractice, ongoing, continual and cumulative medical malpractice and other serious violations of the law, ongoing, continual, and cumulative other serious violations of the law in the care and treatment, ongoing and continual care and treatment, and cumulative care and treatment of the Petitioner.

Wherefore, the Petitioner submits this Petition to Extend the Statute of Limitations in this case for an additional ninety days beyond the applicable date or dates.

Respectfully Submitted,

The Petitioner

By _[signature]_

Steve Lehman aka Ray Porter, In propria persona
5 Eastland Rd.
Hamden, CT 06517
Phone 917-853-7635
Stevenblehman@gmail.com

4